### COMMONWEALTH-*vs.* JAMES KEEFE.

An indictment for keeping a nuisance in violation of *St.* 1855, *c.* 405, § 1, on a day named,
"and on divers other days and times between that day and the day of the finding and
presentment of this indictment," states the time with sufficient certainty.

INDICTMENT, averring that the defendant at Taunton on the
1st of June 1856, " and on divers other days and times between
that day and the day of the finding and presentment of this
indictment," did keep and maintain a certain building, used as
a house of ill fame, and for other purposes, contrary to *St.* 1855,
*c.* 405, § 1.

The defendant, after conviction in the court of common pleas,
moved in arrest of judgment, that it did not appear that the
presentment and finding were upon the same day.  *Sanger*, J.
overruled the motion, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J.  The only open question in this case is, whether
the time of the commission of the offence, with which the de-
fendant is charged, is set forth with legal certainty by the
allegation that it was on a day certain and between that day
and the day of " the finding and presentment " of the indict-
ment.

It has been decided that the time is sufficiently certain, in
cases of this nature, when alleged to have been on a certain
day, and between that day and the day of " the finding " of the
indictment; *Commonwealth* v. *Tower*, 8 Met. 527, and *Common-
wealth* v. *Wood*, 4 Gray, 15; and that it is not sufficiently
certain, when alleged to have been on a day certain and be-
tween that day and the day of " the finding, presentment and
filing " of the indictment.  *Commonwealth* v. *Adams*, 4 Gray, 27
And this last case is relied on, by the present defendant, in sup-
port of his exceptions.  But it does not support them.  The
ground of decision in that case, as stated by the court, was this:
" The day of the finding and presentment is not necessarily, nor

Commonwealth *v.* Keefe.

by any reasonable intendment, identical with the day of the filing of the indictment. They are separate and distinct acts, performed by two distinct and separate agencies. The former " (the finding and presentment) " is the act of the grand jury; the latter " (the filing) " is the duty of the clerk. They cannot be simultaneous, nor is it necessary that the one should take place within any fixed or certain time after the other. Indeed, in ordinary practice, they often occur on different days. It was therefore impossible " (in the case then before the court) " to ascertain with accuracy within what limits the charge alleged in the indictment was intended to be confined." It is manifest from this passage, that " the finding and presentment " were regarded by the court as one and the same act, and that the word " presentment " had no meaning different from, or additional to, the word " finding," but was mere repetition and redundancy. This form of indictment is without any approved precedent, and has been unknown, we believe, until recently. And we cannot withhold the expression of our regret, that a needless departure from the usual and judicially sanctioned forms of indictment so often embarrasses and delays, and sometimes wholly stops, the course of justice.

In the English indictments for a continuing offence, the charge is, that the defendant, on a day named, and between that day and the day of " the taking of this indictment," committed certain acts. And this form is still occasionally used in New Hampshire and Maine. *State* v. *Bailey*, 1 Foster, 343. *State* v. *Sturdivant*, 21 Maine, 10. *State* v. *Stevens*, 40 Maine, 559. In this commonwealth, instead of the words above quoted, the words " the finding of this indictment " have long been substituted; and, as already stated, that form has been held to be proper and sufficient. In some of the other states, instead of either of the forms above mentioned, the words " the day of making this presentment " are adopted; and we have no doubt that this form is equally good. For every indictment is a presentment, in one of the established common law meanings of the word " presentment." 2 Inst. 739. 4 Bl. Com. 301.

If, in the indictment in this case, the word "presentment" means the delivery of the indictment to the court, by the grand jury, which act is not simultaneous with the finding of it, then the indictment is bad, for the reason on which the decision was founded in *Commonwealth* v. *Adams*, and the court, in that case, erred in regarding the finding and presentment as one and the same act. But we still hold as we held in that case; and for these reasons: Every indictment begins with the words, "the jurors on their oath present." What do they present? Not a parchment or paper, on which an accusation against a certain person is set forth in writing, in legal form, and signed by their foreman; but that a certain person has committed certain acts, which are set forth in writing. It is perfectly clear that the word "present" means nothing more than that the jury "represent" or "show" to the court that a certain person has committed a certain offence. The jury present what they find to be the facts in a particular case, and they find what they present. There is no difference, therefore, between the legal meaning of a finding and a presentment, as used in the indictment before us. If it had been alleged that the defendant, on a day certain, and between that day and the day of the finding of the indictment and the presentment thereof to the court, committed the acts with which he is charged, the time might, perhaps, have been held to be defectively set forth, according to the decision in *Commonwealth* v. *Adams*. The word "presentment" might then have meant delivery into court.

*Motion in arrest overruled.*